April 1, 1977

## 77–17 MEMORANDUM OPINION FOR AN ASSISTANT ATTORNEY GENERAL FOR A DEPARTMENT OF JUSTICE DIVISION

### Standards of Conduct—Service of Assistant Section Chief as Reporter on American Law Institute Project

You have asked us whether Mr. A, Assistant Chief of a section of a Department of Justice Division, may serve as reporter for an American Law Institute (ALI) project relating to the development of peer review standards. We understand that Mr. A would receive monetary compensation for his services.

Under 28 CFR § 45.735.9(a), no employee of the Department of Justice is permitted to engage in the outside practice of law unless he first obtains the approval of the Deputy Attorney General. We have previously taken the position that teaching does not constitute the outside practice of law. We believe that Mr. A's proposed service as a reporter more clearly resembles teaching than the practice of law, and as such, does not require the approval of the Deputy Attorney General. There is, moreover, no prohibition against the receipt of compensation for the work, assuming that nonpublic official departmental information is not used on the project.

In addition, 28 CFR § 45.735.9(d) provides:

> No employee shall engage in any employment outside his official hours of duty or while on leave status if such employment will:
>> (1) In any manner interfere with the proper and effective performance of the duties of this position;
>> (2) Create or appear to create a conflict of interest, or
>> (3) Reflect adversely upon the Department of Justice.

The reference to activities permitted outside one's "official hours of duty" may, by negative implication, be read to mean that *no* outside activities are permitted during regular office hours. Mr. A states in his memorandum to you that he believes a minimal amount of reportorial work, such as talking to people and mailing drafts, will have to be done during regular office hours. In our opinion, 28 CFR § 45.735.9(d) need not be construed so narrowly as to prohibit all such incidental activities

if they in fact take only a small amount of time and if you have no objection. However, it may be advisable to make some assurances, perhaps through a formal or informal compensatory time arrangement, that Mr. A will devote the time required to his official duties. If leave is required in connection with his ALI work, we recommend that annual leave or compensatory time be used, in view of the fact that Mr. A will receive compensation. Use of official or administrative leave provides a sufficiently close nexus to his official duties that the receipt of compensation from the ALI, in part covering the same activities, would raise questions under 18 U.S.C. § 209 and 28 CFR § 45.735.12(a).

We believe that all identifiable expenses of the project such as postage, stationery, and telephone costs should be borne by ALI or some other nongovernmental source. Any significant secretarial services should also be reimbursed if appropriate arrangements can be made. On the other hand, under the unique circumstances present here, the Department's particular interest in Mr. A's project might permit limited secretarial services to be made available to him for the project.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*